## EMHOFF et al. v. McMANN.

### No. 12,752; March 7, 1890.

#### 23 Pac. 302.

**Frivolous Appeal.**—Where, on Failure of an Appellant to Appear when his cause is called, and the judgment appealed from is affirmed, with damages for frivolous appeal, on motion of respondents, there being no brief on file, and it thereafter appears that failure to file a brief was due to appellant's ignorance that his cause was on the calendar, and an examination of the record shows that the appeal was not frivolous, that part of the judgment imposing damages for frivolous appeal will be set aside.

APPEAL from Superior Court, City and County of San Francisco; John F. Finn, Judge.

On application for rehearing. No opinion was rendered on previous affirmance of the judgment.

Vincent Neale for appellant; F. J. Castlehun for respondents.

PER CURIAM.—This cause was regularly on the January calendar, 1890. When it was reached in due course and called for hearing, the appellant failed to appear, and no brief being on file, on motion of counsel for respondents, and his suggestion that the appeal was frivolous, the judgment and order appealed from were affirmed, with damages. In making this order, the court acted upon the assumption that

the appellant had voluntarily abandoned his appeal, and, as parties do not ordinarily abandon their appeals when there is even a plausible ground to support them, we were forced to conclude that this appeal had not been taken in good faith. It now appears that the failure of appellant to file a brief was due to his ignorance of the fact that his cause was on the calendar, and an examination of the record convinces us that the appeal was not frivolous. So much of the judgment, therefore, as imposes damages for a frivolous appeal is erroneous, and is hereby set aside. We do not think, however, that counsel has offered an excuse for his failure to note the time his cause was set for hearing sufficient to justify us in ordering a rehearing in bank. Rehearing denied, but the judgment is modified to one of affirmance simply, without damages.